Jared S. Dahle
DAHLE LAW FIRM, P.C.
2619 St. Johns Avenue, Suite E
Billings, MT  59102
(406) 867-7000
(406) 867-0252 Fax
jdahle@nelson-dahle.com
    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, | ) Cause No. CV-15-29-BU-SEH ) ) ) |
| Plaintiff/Counterdefendant, | ) **SECOND AMENDED COMPLAINT** ) **FOR DECLARATORY JUDGMENT** |
| vs. | ) ) |
| ASHLEY ERICKSON, | ) ) |
| Defendant/Counterclaimant. | ) ) |

Plaintiff/Counterdefendant, American Bankers Insurance Company of Florida ("American Bankers"), by and through its attorneys, Dahle Law Firm, P.C., for its Second Amended Complaint for Declaratory Judgment, states and alleges as follows:

1.  American Bankers is a corporation organized and existing under the

laws of the State of Delaware, with its principal place of business located in Atlanta, Georgia. American Bankers is an insurance company which is authorized to, and does, transact business in the State of Montana.

2. Defendant, Ashley Erickson ("Erickson"), is a resident of Gallatin County, Montana, and a citizen of the State of Montana.

3. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship between the parties and because the amount in controversy exceeds the jurisdiction minimum of $75,000, exclusive of interest and costs.

4. The amount in controversy of this declaratory judgment action is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347–48 (1977).

5. This Court has subject matter jurisdiction in that value of the object of this litigation in the form of the claim for defense and indemnification of the contribution claim against Erickson in the underlying suit, assuming liability is established, has a monetary equivalent in excess of the $75,000 jurisdictional threshold given the seriousness of the injuries and damages alleged in the underlying suit.

6. This Court has subject matter jurisdiction because the jurisdictional

threshold is met in that the renters policy, Policy No. RIN186797301 ("the Policy"), issued by American Bankers to Erickson, effective November 2, 2013 to November 2, 2014, has a policy limit of $100,000 per occurrence as set forth in the declarations page. A true and accurate copy of the declarations page and Policy are attached hereto as Exhibit A.

7. The amount in controversy includes both the attorney's fees that will be incurred in defending the contribution claim, together with any claimed obligation to indemnify Erickson.

8. A reasonable reading of the value of the rights being litigated leads to the conclusion that the jurisdictional threshold is met for purposes of this Court's subject matter jurisdiction herein.

9. This Court has subject matter jurisdiction in that it is not a legal certainty that the claim involves less than the jurisdictional amount.

10. A real case or controversy exists between the parties as to whether American Bankers has any duty to defend or indemnify Erickson against the allegations contained in the Counterclaim against her in the underlying action entitled *Ashley Erickson et al. v. Panorama West Apartments, et al.,* Gallatin County Cause No. DV-14-846A under Erickson's policy with American Bankers. Therefore this Court has authority to issue the declaratory judgment prayed for

herein pursuant to 28 U.S.C. § 2201(a).

11. Venue is proper in this Court to 28 U.S.C. § 1391 because a substantial part of the events or omission giving rise to the claims stated herein occurred in Gallatin County, Montana.

12. The defendants in the underlying action filed an Amended Answer, Counterclaim, and Demand for Jury Trial, dated February 23, 2015, asserting allegations against Erickson in the Counterclaim. A true and accurate copy of the Amended Answer, Counterclaim, and Demand for Jury Trial is attached hereto as Exhibit B.

13. Erickson tendered to American Bankers the defense and indemnification of the Counterclaim. American Bankers has agreed to defend Erickson against the allegations set forth in the Counterclaim subject to a reservation of rights.

14. The gravamen of the Counterclaim is the allegations of Erickson's negligence for having breached her parental duty to supervise and protect QE, her minor child, which negligence caused the claimed injuries, together with BJD's claim for contribution and that Erickson's negligence be barred or proportionately reduced under Mont Code Ann. § 27-1-703. BJD asserts that it is entitled to contribution for Erickson's negligence and that the claim for damages be

proportionately reduced based on the negligence the jury assigns Erickson or barred completely if Erickson's negligence is 51% or greater.

15. Specifically, the defendants/counterclaimants in the underlying action allege the following in the Counterclaim: BJD is a Montana limited liability company which owns the Panorama West Apartments which are located in Bozeman, Montana. (Counterclaim, ¶ 1.) Erickson and Burkley are the parents of QE who they have a duty to supervise as their child. (Counterclaim, ¶ 2.) Suit has been brought against BJD for damages allegedly sustained by QE as a consequence of a fall while in the care and custody of Erickson. (Counterclaim, ¶ 3.) QE alleges injuries sustained due to the alleged negligence of BJD. *Id.* Erickson and Burkley allege that BJD and others had notice that the premises were not reasonably safe. *Id.* They allege that BJD's notice was based in part on information they supplied to BJD and others. *Id.* QE's injuries and damages, if any, were caused by Erickson's negligence when she breached her duty to supervise and protect Quinn. *Id.* Erickson's negligence was a substantial factor in causing QE's alleged injuries. *Id.* BJD is entitled to contribution from Erickson for any and all damages sustained by QE in proportion to Erickson's percentage of negligence as determined pursuant to Mont. Code Ann. § 27-1-703. *Id.*

16. American Bankers contracts in the insuring agreement of the Policy

as follows:

## SECTION II - LIABILITY COVERAGES

Coverage E - Personal Liability

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence to which this coverage applies we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

(Policy, p. 11.)

The Policy provides a specific exclusion that applies to the Liability Coverages under Section II. The Policy provides, the following:

**1. Coverage E - Personal Liability,** does not apply to:

\*   \*   \*

    f. "Bodily injury" to you or an "insured" within the meaning of part **a.** or **b.** of "insured" as defined.

(Policy, p. 11.)

17. At page 2 of the Policy, the term "Insured" means you and residents

of your household who are:

    a.    Your relatives; or

    b.    Other persons under the age of 21 and in the care of any person named above.

18. QE, as Erickson's minor child, is a resident of her household. Consequently, Exclusion 1.f. above applies to preclude coverage for the Counterclaim against Erickson because that exclusion specifically states that liability coverage does not apply to bodily injury of QE, who meets the definition of insured under the Policy because the child is a resident relative of Erickson's household.

19. The above exclusion applies to preclude coverage under the Policy and American Bankers has no duty to defend or indemnify Erickson for the allegations as set forth in the Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, having made its claim for declaratory relief, American Bankers prays:

1. That the Court ascertain, determine and declare that there is no coverage for any and all claims against Erickson as set forth in the Counterclaim against her in the underlying action under the Policy; and no duty to defend or

indemnify Erickson against the allegations set forth in the Counterclaim against her in the underlying action under the Policy.

  2. That the Court grant such other and further relief as the Court deems just and proper.

  DATED this 9th day of September, 2015.

            /s/ Jared S. Dahle
            Jared S. Dahle
            DAHLE LAW FIRM, P.C.
            ATTORNEYS FOR PLAINTIFF