Jared S. Dahle
NELSON & DAHLE, P.C.
2619 St. Johns Avenue, Suite E
Billings, MT  59102
(406) 867-7000
(406) 867-0252 Fax
jdahle@nelson-dahle.com
        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, <br><br> Plaintiff/Counterdefendant, <br><br> vs. <br><br> ASHLEY ERICKSON, <br><br> Defendant/Counterclaimant. | ) Cause No. CV-15-29-BU-SEH <br> ) <br> ) <br> ) <br> ) <br> ) **PLAINTIFF'S BRIEF IN SUPPORT** <br> ) **OF MOTION FOR SUMMARY** <br> ) **JUDGMENT, PURSUANT TO** <br> ) **RULE 56, FED. R. CIV. P.** <br> ) <br> ) <br> ) |

Plaintiff/Counterdefendant, American Bankers Insurance Company of

Florida ("American Bankers"), by and through its attorneys, Nelson & Dahle, P.C.,

respectfully submits Plaintiff's Brief in Support of Motion for Summary

Judgment, Pursuant to Rule 56, Fed. R. Civ.

//                                                                                                          //

**INTRODUCTION**

Plaintiff, American Bankers initiated this action seeking the Court's declaration that no coverage exists for the allegations set forth in the counterclaim asserted against Defendant/Counterclaimant Ashley Erickson ("Ashley"), for contribution in the underlying action entitled *Ashley Erickson et al v. Panorama West Apartments, et al.,* Gallatin County Cause No. DV-14-846A ("underlying action"). The underlying action stems from the claims of Ashley and her husband, Plaintiff Burkley Erickson ("Burkley"), for injuries sustained on August 21, 2014, by their two year old child, QE, who fell from the stairs striking his head on the concrete. QE's injury claims are asserted against Defendants Panorama West Apartments, which are owned by Defendant BJD Properties, LLC ("BJD"), and managed by Defendant Cindy Coleman, on the grounds that the premises were not reasonably safe. At the time of QE's injury, Ashley and Burkley resided in an apartment located in the Panorama West Apartments in Bozeman, Montana.

In the underlying action, BJD has asserted a Counterclaim against Ashley for contribution based on her alleged negligence in connection with breaching her duty to supervise and protect QE thereby causing QE's injuries. BJD's contribution claim seeks any and all damages sustained by QE in proportion to Ashley's percentage of negligence. Specifically, BJD alleges the following in its

Counterclaim against Ashley: BJD is a Montana limited liability company which owns the Panorama West Apartments which are located in Bozeman, Montana. (SUF, ¶ 17.) Ashley and Burkley are the parents of QE who they have a duty to supervise QE as their child. *Id.* Suit has been brought against BJD for damages allegedly sustained by QE as a consequence of a fall while in the care and custody of Ashley. *Id.* QE alleges injuries sustained due to the alleged negligence of BJD. *Id.* Ashley and Burkley allege that BJD and others had notice that the premises were not reasonably safe. *Id.* They allege that BJD's notice was based in part on information they supplied to BJD and others. *Id.* QE's injuries and damages, if any, were caused by Ashley's negligence when she breached her duty to supervise and protect QE. *Id.* Ashley's negligence was a substantial factor in causing QE's alleged injuries. *Id.* BJD is entitled to contribution from Ashley for any and all damages sustained by QE in proportion to Ashley's percentage of negligence as determined pursuant to MCA § 27-1-703. *Id.*

Ashley's renters policy with American Bankers, Policy No. RIN186797301 ("the Policy"), provides a specific exclusion that applies to the Liability Coverages Under Section II. The Policy provides, the following:

    1.    **Coverage E - Personal Liability,** does not apply to:

    \*    \*    \*

> f. "Bodily injury" to you or an "insured" within the meaning of part **a.** or **b.** of "insured as defined.

At page 2 of the Policy, the term "Insured" means you and residents of your household who are:

> a. Your relatives; or
>
> b. Other persons under the age of 21 and in the care of any person named above.

(SUF, ¶ 19.)

American Bankers seeks the Court's declaratory ruling through the granting of summary judgment in its favor that the Policy does not provide a duty to defend or indemnify Ashley for BJD's claim of contribution based on the following grounds:

(1) QE, as Ashley's minor child, is a resident of her household and therefore meets the definition of "insured" under the Policy;

(2) Consequently, Exclusion 1.f., in the subject Policy that precludes coverage for "bodily injury" to an "insured" applies to preclude coverage for the personal liability of Ashley for contribution as a result of the bodily injury to QE.

## STANDARD OF FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the moving party can demonstrate

"that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for the jury to return a verdict for that party; if the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510 (1986). Disputes over irrelevant or unnecessary facts will not preclude summary judgment. *Id.* The party moving for summary judgment has the initial burden to identify the portions of the record which establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 92 L. Ed. 2d 265 (1986). If the party moving for summary judgment shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and set forth specific facts that show a genuine issue for trial. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 897 (9th Cir. 2002). The moving party may receive summary judgment by establishing the absence of evidence upon which the non-moving party bears the burden of proof. *Richardson v. Matthews*, 882 F. Supp. 6 (D. Mass. 1995).

Because this Court's jurisdiction arises out of diversity, the substantive law of Montana applies to the determination of the legal issues. *Erie R. R. Co. v.*

*Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

## STATEMENT OF FACTS

All facts relevant to this motion have been fully stated in Plaintiff's Statement of Undisputed Facts, filed contemporaneously herewith, which is also hereby incorporated in its entirety by this reference.

## ARGUMENT

I. MONTANA LAW GOVERNING CONTRACT INTERPRETATION AND COVERAGE.

The interpretation of an insurance policy is a question of law. *Town of Geraldine v. Montana Municipal Insurance Authority*, 2008 MT 411, ¶ 8, 347 Mont. 267, 198 P.3d 796; *Allstate Ins. Co. v. Wagner-Ellsworth,* 2008 MT 240, ¶ 8, 344 Mont. 445, 188 P.3d 1042. The terms and words used in an insurance contract are given their usual meaning and are construed using common sense. *Hardy v. Progressive Speciality Ins. Co.,* 2003 MT 85, ¶ 14, 315 Mont. 107, 67 P.3d 892. In interpreting and applying insurance contracts, "the common rather than technical usage and meaning of definitional terms and policies should be used." *Bauer Ranch, Inc. v. Mountain West Farm Bureau Mut. Ins. Co.*, 215 Mont. 153, 156, 695 P.2d 1307, 1309 (1985). Courts should not "seize upon certain and definite covenants expressed in plain English with violent hands, and

distort them so as to include a risk clearly excluded by the insurance contract." *Travelers Cas. and Sur. Co. v. Ribi Immunochem Research, Inc.*, 2005 MT 50, ¶ 17, 326 Mont. 174, 108 P.3d 469. "[I]f the language is clear and explicit this Court may not rewrite an insurance contract, but must enforce it as written. . . . Indeed, "expectations which are contrary to a clear exclusion from coverage are not objectively reasonable." *Mont. Petroleum Tank Release Compensation Board v. Crumley, Inc.* 2008 MT 2, ¶ 35, 341 Mont. 33, 174 P.3d 948.

Whether an insurer has a duty to defend and indemnify its insureds is determined by the language of the policy and the allegations contained within the four-corners of the complaint. *Farmers Union Mut. Ins. Co. v. Staples,* 2004 MT 108, ¶ 20, 321 Mont. 99, 90 P.3d 381. If there is no duty to defend under a liability insurance contract, then there is no duty to indemnify. *See e.g. Plum Creek Mktg., Inc. v. Am. Econ. Ins. Co.*, 2009 MT 264, ¶ 32, 352 Mont. 56, 214 P.3d 1238.

II. <u>THE POLICY PROVIDES NO COVERAGE FOR THE CLAIM FOR CONTRIBUTION AND AMERICAN BANKERS HAS NO DUTY TO DEFEND OR INDEMNIFY ASHLEY AGAINST THE ALLEGATIONS SET FORTH IN THE COUNTERCLAIM</u>.

American Bankers contracts in the insuring agreement of the Policy as follows:

# SECTION II - LIABILITY COVERAGES

Coverage E - Personal Liability

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence to which this coverage applies we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

(SUF, ¶ 18.)

The Policy further provides a specific exclusion that applies to the Liability Coverages under Section II. The Policy provides, the following:

**1. Coverage E - Personal Liability,** does not apply to:

\*   \*   \*

   f. "Bodily injury" to you or an "insured" within the meaning of part **a.** or **b.** of "insured" as defined.

(SUF, ¶ 19.)

16. At page 2 of the Policy, the term "Insured" means you and residents of your household who are:

      a.      Your relatives; or

      b.      Other persons under the age of 21 and in the care of any person named above.

(SUF, ¶ 20.)

The above exclusion clearly and unambiguously precludes coverage for the contribution claim since it arises from the bodily injury to QE as an insured. Here, QE, as Ashley's minor child, meets the definition of insured because he is a resident of her household. Indeed, Mont. Code Ann. § 1-1-215(4)(a) provides that the residence of an unmarried minor is the residence of the minor's parents. At the time of QE's injury, Ashley and Burkley were residents of the Panorama West Apartments located at 2614 W. Mendenhall, Bozeman, Montana. (SUF, ¶ 14.) Consequently, QE's residence, as an unmarried minor, is statutorily defined as the residence of Ashley as his parent, QE therefore meets the definition of insured. As such, Exclusion 1.f. above applies to preclude coverage for the Counterclaim against Ashley because liability coverage does not apply to bodily injury of QE as an insured since he is a resident relative of Ashley's household.

Moreover, the case of *Allstate Ins. Co., v. Jacobs,* 2008 WL 687091 (E.D. Penn.), is particularly instructive because it involves the same exclusion as is present here, together with a counterclaim claim for contribution and indemnity

against parents for an alleged lack of supervision of a minor child who was injured. In *Jacobs*, Mariah Jacobs, a minor, and her parents, John and Tammy Jacobs, were visiting Philadelphia. *Jacobs*, 2008 WL 687091 at 1. Mariah was crossing a street when she was struck by a car and injured. *Id.* Mariah's parents filed suit against the driver for her injuries. *Id.* The driver filed a counterclaim against John and Tammy Jacobs asserting that they were negligent in failing to supervise their minor child while attempting to cross the intersection, and seeking indemnity and contribution from them for the claims brought by Mariah. *Id.* As a result of the counterclaim, John and Tammy Jacobs requested a defense and indemnification under their policy with Allstate. *Id.* Allstate retained counsel to represent them subject to a reservation of rights. *Id.* Allstate then brought a declaratory judgment action seeking a determination of its rights and responsibilities with regard to the policy and counterclaim filed by the driver. *Id.*

The court in *Jacobs* recognized that the homeowner's policy issued to John and Tammy Jacobs contained the identical exclusion present in Ashley's policy that stated: "Exclusions - Coverage E - Personal Liability, does not apply to: . . . f. Bodily Injury to you or an insured within the meaning of part a. or b. of insured as defined." *Jacobs, Id.* at 2. In concluding that the exclusion precluded coverage to John and Tammy Jacobs for the allegations of contribution and indemnity set forth

in the counterclaim, the *Jacobs* court then recognized the following:

> At the time of the accident, Mariah was insured under the Homeowner's Policy, but the terms of the personal liability exclusion preclude coverage for personal liability as a result of bodily injury to Mariah.

*Jacobs, Id.* at 3.

Here, just as the injured minor child *Jacobs* was an insured, QE also meets the definition of insured under the Policy as a relative who is a resident of Ashley's household. As such, just as in *Jacobs*, the subject personal liability exclusion precludes coverage for the personal liability of Ashley as a result of the bodily injury to QE.

Further, it has been recognized that such bodily injury are claims are barred by this exclusion arising out of or derived from the bodily injury to an insured no matter who pursues the claim and regardless of who seeks coverage under a policy. *Kennedy v. State Farm Mutual Automobile Ins. Co., et. al.,* 986 S.W.2d 936 (Mo. App. 1999); *American Motorists Ins. Co. v. Moore,* 970 S.W.2d 876 (Mo. App. 1998); *Wintlend v. Baertschi,* 963 S.W.2d 387 (Mo. App. 1998).

In *American Motorists Ins.,* the court was construing an identical exclusion to exclusion 1.f above that is at issue in this case. In concluding that the exclusion precluded personal liability coverage for injury claims, the court in *Am. Motorists*

*Ins. Co.* concluded the following:

> Regardless of who is pursuing the claim(s) and who is seeking coverage under the policy, the significant question is: does the person who was bodily harmed, sick or diseased, resulting in required care, loss of services or death, fall within the policy's definition of "insured"? If so, then Exclusion 2.f disallows personal liability coverage for the claim(s).

*Am. Motorists Ins. Co.*, 970 S.W.2d 876 at 879.

*In accord see Mitroff v. United Servs. Auto. Ass'n,* 72 Cal. App. 4th 1230, 1236, 85 Cal. Rptr. 2d 759, 763 (1999) (Affirming summary judgment in favor of insurer under same exclusion for assault and battery claim of wife who was married to the insured and because she lived in the same household at the time of the incident, she was also an "insured" under the policy definitions); *Southern Fire & Cas. Co. v. Jamerson*, 479 S.E.2d 404 (Ga. App. 1996) (exclusion for personal liability coverage for injury to "insured," and defined that term to mean the named insured, his resident relatives barred coverage for action arising out of death of child where child was under supervision of niece of named insured's wife and niece and child resided with named insured and his wife on day of child's death); *Mut. of Enumclaw Ins. Co. v. Pedersen*, 133 Idaho 135, 983 P.2d 208, 1999 WL 482200 (1999); *Southern Fire & Cas. Co. v. Jamerson*, 479 S.E.2d 404 (Ga. App. 1996).

Here, the Policy unambiguously excludes from coverage bodily injuries to anyone defined as an insured. Because QE meets the definition of insured under the Policy as a relative who is a resident of Ashley's household, the subject personal liability exclusion precludes coverage for the personal liability of Ashley for contribution as a result of the bodily injury to QE. Consequently, summary judgment in favor of American Bankers is proper and it has no duty to defend or indemnify Ashley for the contribution claims against her as set forth in the Counterclaim.

## CONCLUSION

Based on the foregoing reasons and citations of authority, American Bankers respectfully requests that the Court issue an order granting its Motion for Summary Judgment, Pursuant to Rule 56, Fed. R. Civ. P., thereby concluding that American Bankers has no duty to defend or indemnify Ashley for the contributions claims set forth against her in the Counterclaim because:

(1) QE, as Ashley's minor child, is a resident of her household and therefore meets the definition of "insured" under the Policy;

(2) Consequently, Exclusion 1.f., in the subject Policy that precludes coverage for "bodily injury" to an "insured" applies to preclude coverage for the personal liability of Ashley for contribution as a result of the bodily injury to QE.

DATED this 18th day of March, 2016.

                                          /s/ Jared S. Dahle
                                          Jared S. Dahle
                                          NELSON & DAHLE, P.C.
                                          ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that this brief is printed with a proportionately-spaced Times New Roman text typeface of 14 points, is double spaced, and the word count calculated by WordPerfect 9 for Windows is 2,648, (6,500 words for opening/response) excluding caption and certificate of compliance.

DATED this 18th day of March, 2016.

                                          /s/ Jared S. Dahle
                                          Jared S. Dahle
                                          NELSON & DAHLE, P.C.
                                          ATTORNEYS FOR PLAINTIFF